Rhea *v.* Meridith.

6L 605
15L 142

JOHN S. RHEA *et al. v.* E. MERIDITH, Adm'r, *et al.*

AND

W. L. GRACEY *v.* E. MERIDETH, Adm'r, *et al.*

COUNTY COURT. *Homestead.* When suggestion of insolvency of an estate is duly and properly made to the county court clerk, that court has jurisdiction, under the Code, sections 4201–4, to assign and set apart homestead as well as dower, and such assignment cannot be attacked in chancery by creditors dissatisfied therewith without allegations necessary to impeach a decree.

FROM WHITE.

Appeal from the Chancery Court at Sparta. W. G. CROWLEY, Ch.

FARRIS, STORY and C. MARCHBANKS for complainants.

H. C. & D. L. SNODGRASS and T. J. R. SWAFFORD for defendants.

DEADERICK, C. J., delivered the opinion of the court.

These two bills were filed in the chancery court at Sparta.

The bill of Rhea and others was filed in February, 1877, against defendant Merideth, as administrator of Sevier Evans, and against Amanda Evans, the widow, and Mary Evans, the only heir at law and distributee of said Sevier Evans.

It charges that said Evans died in October, 1875, and Merideth was duly appointed his administrator at the November term, 1875, of the county court of White county, and that the said administrator at the same term suggested the insolvency of said estate, and that the county court ordered that publication be made requiring the creditors to file their claims in said court; that at the same term an order was made appointing commissioners to lay off and set apart a year's support for the widow, which was done. It is further alleged that intestate had left but little personal estate, and that this had been exhausted in due course of administration; but that he had left a valuable tract of land, estimated to be worth $4,000, and that out of this tract the county court had appointed commissioners at its July term, 1876, to set apart to the widow homestead and dower. It is alleged that this has been done, and the commissioners have set apart more than $1,000 in value of said land as a homestead, and more than one-third in value thereof as dower, and it is insisted that the widow is not entitled to dower and homestead both, but should be compelled to elect which she would take.

The complainants insist the estate, including the realty, is not insolvent, and pray for a transfer of

the administration of the estate to the chancery court for the payment of their debts.

The bill of Gracey was filed in April, 1877, by himself, and on behalf of other creditors who may choose to become parties. This bill contains similar allegations to the bill first named, and prays that dower or homestead be allotted the widow and the residue be sold. It further prays an injunction to restrain the further administration of the said estate in the county court, and the same was issued.

Both bills charge fraud upon the administrator and widow, but no facts constituting fraud are alleged.

Both bills aver that the estate is not insolvent, but it is manifest that this allegation rests upon the theory of the bills that the widow is not entitled to both dower and homestead. A large amount of indebtedness is exhibited with the bills, some of which has been filed with the county court clerk. And although one bill charges that the total indebtedness will not exceed $1,500, the claims of complainants themselves, including interest, are largely in excess of that sum, and it does not appear that there are not other claims than those represented by the complainants. The defendants demurred to the bills, their demurrers were overruled, and they have appealed.

We, think the administrator was warranted in making the suggestion of insolvency, and that the county court having made orders and publication for the filing of claims, had rightful jurisdiction of the cause for the purpose of the administration of the estate: 2 Lea, 254.

Although the exact amount of the personal estate does not appear, it is manifest, from the allegations of both bills, it was of far less value than $1,000, and was exhausted in paying debts. And according to the case of *Fleming* v. *Taliaferro*, 4 Heisk., 352, the county court has exclusive jurisdiction in such case, and concurrent jurisdiction with the chancery court where the personal estate does not exceed in value $3,000: 1 Lea, 467; Code, secs. 2327–8, 4201. The act of December, 1871, ch. 106, gives the chancery court jurisdiction of insolvent estates where the value of the estate, including real and personal property, amounts to $1,000: 1 Lea, 147. But having first obtained jurisdiction, the county court will retain it to the exclusion of the chancery court: 1 Baxt., 97; 1 Lea, 729.

Having the jurisdiction to settle insolvent estates, with the limitations indicated, the county court has, as incident thereto, all the powers and authority necessary to effectuate that jurisdiction: Code, secs. 4203, 4204. It has the unquestioned right to assign dower, but the power to set apart homestead is not so expressly given by statute.

The act of 1873, ch. 98, sec. 1 (T. & S. Addenda, sec. 2110 *b*), provides that homestead to a widow "shall be assigned and set apart in the same manner as dower is now assigned and set apart, and by the same commissioners." If entitled to homestead and dower both, the homestead shall be first set apart, and then dower out of the remainder. This act does not expressly confer the jurisdiction, but declares that homestead may

be assigned *in the same manner* as dower is now as-
signed. The manner of assigning dower is by appli-
cation to the county court, which has original juris-
diction over the subject, or to the chancery or circuit
court. But it is clear, under sub-secs. 6 and 8 of
section 4201 of the Code, that the county court has
power to settle insolvent estates and to allow dower,
and, by secs. 4203–4, this court is vested with all
jurisdiction necessary to effectuate the jurisdiction ex-
pressly conferred. It may sell land or personalty,
and to do this, it may separate dower and homestead
from the body of the estate, in order to ascertain
what remains to be sold without incumbrance. We
think, therefore, the county court, in a case like the
present, may, to carry out the settlement of the estate,
assign and set apart homestead and dower under the
statute.

It had jurisdiction of the settlement of the estate,
and is clothed by law with ample power for this pur-
pose. Complainants, as creditors, were then parties to
the proceedings, and could in that case have made all
the questions attempted to be raised by their bills.

The demurrers thereto are well taken and should
have been sustained.

The chancellor's decree in each case will be re-
versed, and the bills will be dismissed with costs.